**Ronald DEL RAINE, Plaintiff— Appellant,**

v.

**S.I.A. FEMME; et al., Defendants— Appellees.**

No. 03–57045.

D.C. No. CV–01–06342–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Ronald Del Raine, Atwater, CA, pro se.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert I. Lester, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Federal prisoner Ronald Del Raine appeals pro se the district court's order dismissing without prejudice his civil rights action alleging, *inter alia,* that employees of the United States Bureau of Prisons unlawfully placed him in segregation, denied him a transfer for retaliatory reasons, and ransacked his files. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003), we vacate and remand.

The district court dismissed Del Raine's action because he had not exhausted his administrative remedies with respect to all of his claims. We have since held that the Prison Litigation Reform Act does not require "total exhaustion." *See Lira v. Herrera,* 427 F.3d 1164, 1170–75 (9th Cir. 2005). We therefore vacate and remand for further proceedings consistent with our decision in *Lira. See id.* at 1175–76 (describing dual rule that depends on degree of relatedness between exhausted and unexhausted claims). The district court did not abuse its discretion in denying Del Raine leave to amend or supplement his

---

complaint by adding new defendants whose relationship to the events underlying the original complaint was not specified. *See* Fed.R.Civ.P. 15(a), (c), (d).

Contrary to the magistrate judge's recommendation, sovereign immunity does not provide an alternative basis for dismissal, because it is clear from the record that Del Raine sought to sue defendants in their individual capacities. *See Hafer v. Melo,* 502 U.S. 21, 26–27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) (distinguishing capacity in which an official is sued from capacity in which the official inflicts the alleged injury).

The parties shall bear their own costs on appeal.

VACATED and REMANDED.

\*\*\* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.